# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-1465
Lower Tribunal No. 2022-CF-016655

_____

GERALD LEE ROGERS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Bruce Kyle, Judge.

August 14, 2026

WOZNIAK, J.

Gerald Lee Rogers appeals the final order revoking his community control and sentencing him to the statutory maximum 60-month sentence. Revocation was based upon the trial court's finding that he willfully and substantially violated two conditions of his community control[1]—that he changed his residence without the consent of the officer overseeing his community control in violation of Condition 3,

_____

[1] Rogers was on community control at the time of his violation, his probation having been converted to community control following a prior violation.

and that he failed to report to the probation office within 24 hours of his release in violation of Condition 9. The State properly concedes error in the trial court's finding related to Condition 3 because the State presented only hearsay evidence to support that violation. *See Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008) ("It is undisputed that hearsay evidence is admissible in a probation revocation hearing to prove a violation of probation. However, the hearsay evidence may not form the sole basis for revocation."). We find no error in the trial court's conclusion that Rogers willfully and substantially violated Condition 9.

Because the record is not clear that the trial court would have imposed the same sentence based on a violation of a single condition of community control (Condition 9), we reverse and remand for the trial court to reconsider, based only on the single violation, whether community control should be revoked and, if so, whether the same sentence should be imposed. *See Bean v. State*, 388 So. 3d 300, 305 (Fla. 6th DCA 2024) ("The State must prove only one violation of probation in order for a probationer to be found in violation. However, when it is unclear from the appellate record whether the trial court would have revoked probation and imposed the same new sentence had it considered only valid violations, the appellate court must remand for the trial court to reconsider whether probation should be revoked and, if so, whether the same sentence should be imposed." (citations omitted)).

REVERSED and REMANDED for further proceedings.

SMITH and KAMOUTSAS, JJ., concur.


Blair Allen, Public Defender, and David L. Redfearn, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and William C. Shelhart, Senior Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED